## BALTIMORE CITY COURT

Filed December 20, 1895.

ROSA COLE

VS.

FEMALE HOUSE OF REFUGE.

*Alfred Hughes* for plaintiff.

*Thomas W. Brundige* and *John Hinkley* for defendant.

PHELPS, J.—

Suit brought by a former inmate of the Female House of Refuge for one-half of her earnings since January 1st, 1893, in the sewing room, which under the by-laws prior to January 1st, 1893, were given to the inmates upon their discharge, but the giving of which after that date was made, by amendment of the by-laws, discretionary with the board of directors.

Opinion by Judge Phelps on the prayers.

It appears from its charter that the defendant is a reformatory institution for female minors committed as incorrigible. The relations therefore between the parties in this case are peculiar and determined by the charter and the by-laws. The charter refers to the regulations and powers given to the House of Refuge, and on looking at these provisions it is found that very ample powers are given clothing the directors with all power as to the control of these inmates in all matters necessary for their welfare.

An institution like this, which has to be kept up at considerable expense which has to feed, clothe and teach its inmates, might properly appropriate all the earnings for the purpose of paying all the expenses of the inmates. That is the case with the House of Reforma-tion in Prince George's County, and the earnings are not sufficient for the purpose. I do not know how this would be with the House of Refuge. They have the power, however, of working their inmates and applying the proceeds to their support. They do not do that, but allow a certain proportion, and they couple that with a provision that they will forfeit, if they fall back.

There is no contract between the institution and the inmate, and the rights and liabilities of the parties find their measure in these provisions of the charter and by-laws. These by-laws are subject to change from time to time, and it is not at all necessary that their changes should be communicated.

The institution stands in *loco parentis*, as was said by counsel.

It is not necessary to multiply words. It follows that the prayers of the plaintiff must be refused and the prayers of the defendant granted.

Verdict for the defendant with costs under the instruction of the Court.